# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-80057-SINGHAL

ESTATE OF DERRICK CAMPBELL,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

This is a simple case that addresses what has become a complicated set of issues under the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"). Before the Court is Defendant's Motion to Dismiss (DE [7]). The Court has reviewed the Motion, Plaintiff's Response (DE [12]), Defendant's Reply (DE [16]), and two submissions of supplemental authority—one by each side, *see* (DE [17], [20]). Additionally, the Court held a telephonic hearing on March 31, 2020.[1] The matter is now ripe and, for the reasons outlined below, the Motion to Dismiss is **GRANTED**.

**I.    THE CASE**

Plaintiff secured a loan, purchased a home, and defaulted on the mortgage payments. The note and mortgage were transferred to Defendant who ultimately sought to collect that debt. Among the different methods of payment available to borrowers was

---

[1] The Court heard the motion via telephone due the ongoing national public-health crisis of COVID-19 and efforts to mitigate person-to-person transmission of the disease. The Court commends both sides for presenting excellent argument.

a service referred to as "Speedpay," which, offered with third-party processor Western Union, allowed payments to be made and credited the same day. Because Plaintiff chose to make these "Speedpay" payments, and do so over the telephone, Defendant and Western Union also charged "convenience fees." In total, Plaintiff paid $60 in "convenience fees."

Plaintiff's main contention in its two-count complaint is neither Defendant nor Western Union disclosed the amount of money that was split between the two; so, homeowners like Plaintiff could not have known about the fee. Plaintiff claims Defendant's conduct constitutes unlawful debt collection practices under both the FDCPA and the FCCPA. Defendant now moves to dismiss.

## II. LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombev v. TeeVee Toons, Inc.*, 555

F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Defendant argues four broad reasons to dismiss this case: (1) The FCCPA claim is barred by the statute of limitations; (2) The "convenience fee" associated with the "Speedpay" option is not a "debt" under the FDCPA and FCCPA; (3) It is not a debt collector; and (4) The "convenience fees" associated with the "Speedpay" option are permissible under both statutes. While each of these arguments individually is well taken, the Court finds the second to be dispositive. Because a claim under the FDCPA and FCCPA must involve the attempt to collect a debt, the Court can simplify this matter by restating the central question accordingly: Is the "convenience fee" part of the debt Defendant sought to collect? The answer is no.

The Court is most persuaded by Judge Moody's well-reasoned, commonsense approach and analysis in *Turner v. Ocwen Loan Servicing, LLC*, No. 8:20-cv-137-T-30SPF (M.D. Fla. Feb. 24, 2020).[2] In *Turner*, faced with nearly identical circumstances, the court found the convenience fee to be "a separate fee that originated with [the

---

[2] Submitted as supplemental authority by Defendant (DE [17]). The Court notes this order from the Middle District of Florida does not appear on a commercial legal research search engine as of the date of this order.

servicer]." Further, even if the fee were not considered a "debt," the court determined that the servicer was not a "debt collector" because the borrower was not in default on her obligation at the time she paid the convenience fee. *See also* 15 U.S.C. § 1692a(6) (defining "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

Here, it is not contested that Defendant is a debt collector when recouping Plaintiff's defaulted mortgage payments. But *that* is the debt that exists in this case—the defaulted mortgage payments. Plaintiff's argument that the convenience fees are part of the debt too, or at a minimum, incidental to the debt, is unpersuasive. Logically, it is difficult to define as a debt something that isn't yet owed. Plaintiff may pay its defaulted mortgage obligation in various forms, one of which is through the use of a collaboration between Defendant and Western Union. This choice of payment allows an immediate processing of the payment, with no delay similar to what may exist if payment was made via regular mail, overnight courier or online. The debt portion of the payment is the overdue mortgage payment. The not-yet-incurred convenience fee is not a debt under the plain meaning of either statute.

The Court appreciates the patent split this conclusion makes with Judge Middlebrooks's recent orders in nearly identical cases. *See Fox v. Ocwen Loan Servicing, LLC*, No. 20-cv-80060-MIDDLEBROOKS (S.D. Fla. Mar. 3, 2020).[3] Certainly, this issue may need to be resolved by a higher court. In the interim, however, the Court

---

[3] Submitted as supplemental authority by Plaintiff (DE [20]).

sees no need to consider staff commentary to assist in analyzing the statutory definitions. The parties agree that the purpose of both the FDCPA and FCCPA is to prohibit debt collectors from using unfair or unconscionable means to collect any debt. Even that definition acknowledges that the debt itself is what was established as being owed and transferred to Defendant for collection. The convenience fees are a separate transaction neither part of, nor incidental to, the transferred debt. The Court, therefore, must dismiss this action with prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (DE [7]) is **GRANTED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. All pending motions are **DENIED AS MOOT**.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of April 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF