UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE LEMBECK,<br><br>        Plaintiff,<br><br>    v.<br><br>ARVEST CENTRAL MORTGAGE CO.,<br><br>        Defendant. | Case No. 20-cv-03277-VC<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

      Valerie Lembeck alleges that her mortgage servicer, Arvest Central Mortgage Company, violates California law when it charges her and other borrowers a $5 fee to make their monthly mortgage payments over the phone (the IVR fee) rather than by mail or in person. Arvest moved to dismiss the suit on the grounds that the IVR fee does not violate the California Rosenthal Act, either directly or by violating the provisions of the federal Fair Debt Collection Practices Act that the state statute explicitly incorporates. The motion to dismiss is denied as to all but one of Lembeck's claims.

      The core of Lembeck's complaint is that the IVR fee violates a provision of the FDCPA that, among other things, prevents debt collectors from collecting fees that are "incidental to the principal obligation" unless those fees are authorized either by the loan agreement or some independent source of law. The provision reads in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>     (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly

authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f.[1]

The IVR fee is incidental to the payment of the principal obligation. The only plausible reading of the word "incidental" in this context is as a reference to something that is connected to but far less significant than the underlying debt. That describes the IVR fee well. The borrower's purpose in using the IVR system—and so incurring the IVR fee—is to make their mortgage payment.

Arvest points out that: (i) the fee is paid for the benefit of using an expedited means of making the mortgage payment; (ii) this method of payment is not specified in the mortgage contract; (iii) the payment methods that *are* specified in the contract are still available to the borrower; and (iv) the borrower is not charged a fee for using those methods. But none of this makes the fee any less "incidental" to the payment of the principal obligation. The borrower is still paying the fee in connection with the loan payment, and there would be no reason to pay the fee but for the need to pay the principal obligation. The fact that there are other payment methods not involving a fee or the fact that it's a method the borrower has selected does nothing to take the take the fee outside the plain language of the statute. If you buy a plane ticket in advance and then decide at the airport to pay a fee to upgrade from "economy" to "premium economy," that fee is incidental to your purchase of the flight, even though you received an added benefit for the fee and had the option of just staying in economy.

To be sure, the fact that the IVR service is something additional offered to borrowers, as a convenience to them, raises questions about whether application of the FDCPA to this sort of practice truly serves the statute's consumer-protective purposes. This appears to be the concern

---

[1] This provision is incorporated into California state law by a provision of the Rosenthal Act. Cal. Civ. Code § 1788.17. Because mortgage servicers like Arvest are "debt collectors" as that term is defined by the Rosenthal Act, they are subject to the requirements of 15 U.S.C. § 1692f by way of its incorporation into § 1788.17, even though they are not directly subject to the federal FDCPA. *See Sanders v. LoanCare LLC*, No.: 18-CV-09376, 2019 WL 441964, at *4 (C.D. Cal. Feb. 1, 2019).

behind the ruling in *Flores v. Collection Consultants of California*, No. SA CV 14-0771-DOC (RNBx), 2015 WL 4254032, at *10 (C.D. Cal. Mar. 20, 2015), which granted a motion to dismiss in a similar case. But where a transaction falls so obviously within the plain language of the statute, the possibility that Congress wouldn't have intended the result is not relevant. *Bostock v. Clayton County, Georgia*, 140 S.Ct. 1731, 1745 (2020). Perhaps that's why, more recently, courts have declined to follow *Flores*. *See, e.g., Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-cv-04303-WHO, 2020 WL 1904596, at *2 (N.D. Cal. Apr. 17, 2020).[2]

Next, Arvest contends that even if the fee is incidental to payment of the principal obligation, it is "permitted by law" because borrowers enter into a separate agreement to pay the IVR fee at the time that they make the payment. But this argument merely begs the question of whether that contract is permitted by law. It is not, because it imposes a fee incidental to the underlying debt in violation of § 1692f(1). Indeed, the point of this provision is to prohibit certain kinds of contracts, just as minimum wage laws, child labor laws, and antitrust laws prohibit other kinds of contracts. If mortgage servicers wish to charge a fee incidental to the principal obligation, that fee must be "expressly authorized" by the underlying mortgage agreement. Any separate contract to pay an incidental fee is prohibited unless "permitted by law"—that is, by some state or federal statute or regulation. Because no such law exists, the contract and the IVR fee remain unlawful.

For similar reasons, the motion to dismiss is denied as to Lembeck's claim under a separate provision of the Rosenthal Act that forbids debt collectors from passing on the costs of collection to borrowers. That provision prohibits "[c]ollecting…from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code

---

[2] Although it would be unlikely to matter given how clearly the statute applies, Arvest has not identified (and *Flores* did not identify) any legislative history suggesting that Congress or the California legislature did not intend the FDCPA or the Rosenthal Act to apply to fees like this one.

§ 1788.14(b). Because the fee is a charge for providing the IVR-based collection service and, for the reasons just discussed, is not "permitted by law," Lembeck's claim readily survives.

It follows that the motion to dismiss is denied as to Lembeck's claims for breach of contract and violation of California's Unfair Competition Law. Because the IVR fee is prohibited under the Rosenthal Act, it is "unlawful" under the UCL. Cal. Bus. & Prof. Code § 17200. Similarly, because the collection of such a fee is "expressly prohibited" by § 1788.14(b), it necessarily violates the provision in the Deed of Trust prohibiting the lender from charging "fees that are expressly prohibited…by Applicable Law."

Finally, the motion to dismiss is granted as to Lembeck's claim under California Civil Code § 1788.13(e). That provision prohibits debt collectors from making false representations that "the consumer debt may be increased" by the addition of fees "if, in fact, such fees or charges may not legally be added to the existing obligation." Lembeck has not alleged that Arvest represented that the IVR fee could "increase" the underlying debt. In other words, there is no suggestion that if a borrower somehow used the IVR system without actually paying the IVR fee, that fee would be added to the amount of the principal loan such that the borrower would pay interest on the fee going forward. *Compare Castillo v. Nationstar Mortgage LLC*, No. 15-cv-01743-BLF, 2016 WL 6873526, at *6 (N.D. Cal. Nov. 22, 2016) (debt collector misstated amount of outstanding balance); *Walters v. Fidelity Mortgage of California*, 730 F.Supp.2d 1185, 1193 (E.D. Cal. 2010) (debt collector forced borrower to modify loan to include fees and charges in outstanding balance). Dismissal of this claim is with leave to amend. Any amended complaint must be filed within 14 days of this ruling.

**IT IS SO ORDERED.**

Dated: November 3, 2020

_____
VINCE CHHABRIA
United States District Judge